McCULLOUGH (UNITED STATES v.). See Case No. 15,665.

McCULLY v. CUNNINGHAM. See Case No. 17,280.

## Case No. 8,742.

### McCUTCHEN v. HILLEARY.

[1 Cranch, C. C. 173.] [1]

Circuit Court, District of Columbia. July Term, 1804.

COSTS—SECURITY FOR—PARTY REMOVED FROM DISTRICT.

The defendant may require security for costs, from a plaintiff who has removed from the district since the commencement of the action.

Assault and battery. The defendant [Nicholas Hilleary] stated that since the bringing this suit the plaintiff [James McCutchen] had removed from the district to Philadelphia, and has there fixed his residence, &c. Motion by the defendant's counsel to lay a rule on the plaintiff to give security for costs. Granted. KILTY, Chief Judge, doubting.

## Case No. 8,742a.

### McCUTCHEON v. RECEIVERS et al.

[3 Cent. Law J. 635.]

Circuit Court, E. D. Missouri. Sept. 30, 1876.

DEATH BY WRONGFUL ACT— MISSOURI STATUTE—GRANDCHILDREN.

In this case the court was called upon to construe section 22, c. 43, p. 519, Wag. St., relative to the right to recover damages for the death of a person through the wrongful act of another. This section allows a certain amount to be sued for and recovered. "First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, etc." It was sought to extend this right of action to orphan children, living with their grandmother, for her death through the alleged wrongful act of the defendant railway.

DILLON, Circuit Judge, held that the statute must be construed strictly, and that no action was given under it to the grandchildren, in the case before him.

## Case No. 8,743.

### McCUTCHIN v. JAMIESON.

[1 Cranch, C. C. 348.] [1]

Circuit Court, District of Columbia. July Term, 1806.

APPRENTICE—AGE—RECITAL IN INDENTURE.

The master of an apprentice is concluded, by the recital in the indentures, as to the age of his apprentice.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Habeas corpus, to Andrew Jamieson to bring the body of McCutchin, whom he claims as an apprentice. The return showed an indenture between the overseers of the poor and Andrew Jamieson, under their seals, in which they state that the boy is nine years old in July, 1794, (the date of the indenture,) and bind him until he shall be twenty-one years old. Andrew Jamieson, wished to show, by parol evidence, that the boy was only seven years old when bound, and of course had two more years to serve.

THE COURT was of opinion that Andrew Jamieson could not, by parol, contradict his seal, and was at law estopped to deny the age. And in equity he had no claim to the further services of the boy, because he saw the boy at the time he took him, and agreed to his age, and expected only twelve years' service from him.

THE COURT discharged the boy.